IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3156 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| MICHAEL THURBER, and | ) | |
| LANCASTER COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 20, 2009.  (Filing No. 1.)
Also pending is before the court is Plaintiff's Motion for Enlargement of Time to Pay
Filing Fee.  (Filing No. 8.)  Plaintiff has previously been given leave to proceed in
forma pauperis.  (Filing No. 7.)  The court now conducts an initial review of the
Complaint to determine whether summary dismissal is appropriate under 28 U.S.C.
§§ 1915(e) and 1915A.

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his Complaint on July 20, 2009, against the Lancaster County Jail
and Lancaster County Jail Director Michael Thurber.  (Filing No. 1 at CM/ECF p. 1.)
Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska.  (Id.)

Condensed and summarized, Plaintiff alleges that "Thurber does not run his jail
by the book . . . ."  (Id. at CM/ECF p. 2.)  Because Thurber does not run his jail by the
book, Plaintiff "feels" like he is being discriminated against.  (Id. at CM/ECF pp. 2-
3.)  Plaintiff also "feels" like Thurber is holding him in "[d]ebtor's prison," which is

"ban[ned]" in the "United States."  (*Id*.)  Plaintiff seeks monetary damages in the amount of $750,000.00 for the pain and suffering that Defendants caused by "keeping [him] in jail."  (*Id*. at CM/ECF p. 5.)

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### C.     Discussion of Claims

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought.  As set forth by the

Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum.  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement.  *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that Thurber is holding him in "[d]ebtor's prison," which is "ban[ned]" in the "United States."  (Filing No. 1 at CM/ECF pp. 3, 5.)  In addition, Plaintiff asks the court to award him damages because Defendants are "keeping [him] in jail." (*Id.* at CM/ECF p. 5.)  These allegations necessarily implicate the validity of Plaintiff's conviction and current confinement.[1]  As set forth above, the court cannot address this claim in an action brought pursuant to 42 U.S.C. § 1983.  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

## II.    PLAINTIFF'S PENDING MOTION

Plaintiff has also filed a Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.)  In his Motion, Plaintiff states that he needs more time to pay the filing fees assessed in the court's August 20, 2009 Order.  (*Id.*)

---

[1]To the extent that Plaintiff is not challenging his conviction and current confinement, his Complaint fails to state a claim upon which relief can be granted. Plaintiff's generalized claims that Thurber failed to "follow the book" do not state a section 1983 claim.  *See, e.g., Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (concluding that a correctional official's failure to follow an internal jail policy or procedure does not rise to the level of a section 1983 claim).

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n.9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Therefore, Plaintiff's Motion (filing no. 8) is granted and his initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). However, the court reminds Plaintiff that he remains responsible for the full $350.00 filing fee.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion for Enlargement of Time to Pay Filing Fee (filing no. 8) is granted.

2.     The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, Plaintiff shall be obligated to pay, and the agency having custody of Plaintiff shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3.     The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

4.     Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

5.    A separate Judgment will be entered in accordance with this Memorandum and Order.

August 27, 2009.                              BY THE COURT:

                                              *Richard G. Kopf*
                                              United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.